IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BILLY JOHN ROBERSON | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-0236-K |
| MARY SNIDER, ET AL. | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Billy John Roberson, a Texas prisoner, against a court reporter, the Attorney General of the United States, and various federal, state, and local law enforcement agencies. On February 3, 2009, plaintiff tendered a form civil rights complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous, and he is not "under imminent danger of serious physical injury."

II.

Plaintiff alleges that he paid $600 to Mary Snider, a court reporter, for a transcript of his criminal trial. However, Snider has neither provided plaintiff with a copy of the transcript nor

refunded his payment. Although plaintiff filed a complaint against Snider with federal, state, and local law enforcement authorities, those agencies have refused to prosecute Snider for embezzlement, fraud, and forgery. By this suit, plaintiff seeks unspecified damages and a copy of the transcript.

A.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *See Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

B.

Plaintiff has filed at least three other civil actions during his incarceration. Certain claims asserted by plaintiff in all three cases were dismissed as frivolous. *See Roberson v. Dallas County Jail*, No. 3-06-CV-1859-K, 2007 WL 891263 (N.D. Tex. Mar. 22, 2007) (dismissing civil rights

claims against Dallas County Jail and medical director as frivolous); *Roberson v. Matz*, No. 3-06-CV-1570-L, 2007 WL 172249 (N.D. Tex. Jan. 23, 2007) (dismissing civil rights claims against state court judges, court personnel, prosecutor, and defense counsel as frivolous); *Roberson v. State of Texas*, No. 3-05-CV-1490-P (N.D. Tex. Mar. 8, 2006) (dismissing civil rights claims seeking money damages as *Heck* barred).[1] Although plaintiff filed hybrid complaints in all three cases, in which he asserted some claims that were dismissed as frivolous and some claims that were dismissed on other grounds, the Fifth Circuit has held that the dismissal of a hybrid complaint is considered a "strike" under section 1915(g) where none of the claims alleged in the complaint were deemed non-frivolous. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463 (5th Cir. 1998). Such is the case here. In two of his prior cases, plaintiff sought both damages for civil rights violations and habeas relief. The civil rights claims were dismissed as frivolous, and the habeas claims were dismissed without prejudice for failure to exhaust state remedies. *Roberson*, 2007 WL 172249 at *1; *Roberson*, No. 3-05-CV-1490-P, op. at 2-3. In another case, plaintiff's civil rights claims against state actors were dismissed as frivolous, while his claims against other inmates were dismissed for lack of jurisdiction. *Roberson*, 2007 WL 891263 at *3. Because plaintiff makes no showing that he is "under imminent danger of serious physical injury," he should not be permitted to maintain this action without paying the statutory filing fee.

## RECOMMENDATION

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted

---

[1] Under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a prisoner may not maintain a federal civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. The Fifth Circuit has held that a dismissal under *Heck* counts as a "strike" under section 1915(g). *See German v. Baker*, 124 Fed.Appx. 257, 258, 2005 WL 419500 at *1 (5th Cir. Feb. 23, 2005), *cert. denied*, 126 S.Ct. 170 (2005).

by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE